IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00462-M-RN

**Shanelle Morris-Wilkins**,

        Plaintiff,

v.

**C. Ray Joyner**, et al.,

        Defendants.

**Order**

    Before the court are six motions to strike affidavits, exhibits, and other filings related to briefing on pending motions to dismiss. D.E. 100, 109, 112, 127, 133, 136. Because none of the challenged filings meet the high threshold required to justify striking, the court denies each motion.

## I.   Background

    This case arises from disputes over the administration of a probated will and related estate matters. In connection with several pending motions to dismiss, both parties filed motions to strike various affidavits and exhibits. These motions are before the court.

## II.   Discussion

    None of the motions to strike satisfy the demanding standard required for relief. So each motion is denied.

### A.   Standard for Striking Documents from the Record

    Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But the rule applies only to pleadings, which Rule 7(a) defines narrowly. Affidavits, briefs, exhibits, and motions are not pleadings. *See* Fed. R. Civ. P. 7(a), 7(b); *see also* Fed. R. Civ.

P. 5, 5.1(a), 11(a)–(b), 12(c); *White* v. *Vance Cnty.*, No. 5:19-CV-00467-BO, 2020 WL 6335950, at *1 (E.D.N.C. Oct. 23, 2020).

Yet courts retain inherent authority to strike filings that are improper or abusive. *See Iota Xi Chapter of Sigma Chi Fraternity* v. *Patterson*, 566 F.3d 138, 150 (4th Cir. 2009). That authority is rooted in the court's broad discretion to manage its docket and safeguard the integrity of judicial proceedings. *See Degen* v. *United States*, 517 U.S. 820, 823 (1996) (recognizing the court's inherent power to "protect [its] proceedings and judgments in the course of discharging [its] traditional responsibilities"). Consistent with that principle, courts may strike filings that are unnecessary, unwarranted, or frivolous. *United States* v. *Rodriguez-Silva*, No. 1:18CR68–2, 2019 WL 1937144, at *4 (M.D.N.C. Apr. 8, 2019), *adopted by*, 2019 WL 1934036 (May 1, 2019); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18MD2836, 2018 WL 6795832, at *1 (E.D. Va. Nov. 9, 2018). A court may also strike filings that are inappropriate, harassing, or intended to embarrass or intimidate. *See Morris* v. *Amtrak*, No. CV JKB-24–2260, 2024 WL 4826236, at *4 (D. Md. Nov. 19, 2024). But "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 44 (1991).

With this standard in mind, the court turns now to the parties' motions to strike.

**B.** **Morris-Wilkins's motion to strike state court complaint submitted as an exhibit to Joyner Defendants' motion to dismiss**

Morris-Wilkins first moves to strike a copy of her state court complaint submitted as an exhibit to the Joyner Defendants' motion to dismiss under Rule 12(f). D.E. 83–1. She calls the document "immaterial and impertinent," noting it reflects an earlier draft that no longer aligns with her current claims. Mot. to Strike at 1–2, D.E. 100. She also expresses concern that its inclusion may confuse the record and waste judicial resources. *Id*.

The Joyner Defendants argue the motion to strike should be denied because Morris-Wilkins only raised the "draft" issue after the state-court dismissal, she never amended that filing, and the state court complaint is relevant here to claim preclusion and her pattern of abusive litigation. Resp. in Opp. at 12–13, D.E. 108. They add the court can consider it a public record without converting their motion to dismiss into a motion for summary judgment. *Id.* at 13. Defendant Nash County incorporates the Joyner Defendants' argument fully. Mem. in Supp. at 2, D.E. 114.

The court notes Morris-Wilkins's concern but finds it misplaced. First, the document was submitted as an exhibit, not a pleading, so Rule 12(f) does not apply. But its inclusion, even if of limited evidentiary value, does not reflect misconduct. *Williams* v. *Lendmark Fin. Servs., Inc.*, No. CIV. WDQ-13–1740, 2014 WL 1255854, at *8 (D. Md. Mar. 25, 2014) (discussing "the letter's lack of precedential value or significance as legal authority does not provide a basis for striking it from the record"). So the court will disregard the document when considering the motions to dismiss if irrelevant, but there is no basis to strike it under the court's inherent authority. *See Morris*, 2024 WL 4826236, at *4 (denying motion to strike because "nothing in [party's] filings have been inappropriate, let alone embarrassing, harassing, or intimidating"). Thus the motion is denied.

  **C.**   **Joyner Defendants' motion to strike Morris-Wilkins's affidavit regarding Adams and Kohut and an attached exhibit**

The Joyner Defendants move to strike portions of the "Affidavit of Shanelle Morris-Wilkins Pertaining to Abby Adams & Kohut" and the accompanying Exhibit D (D.E. 104, 104–4). They say that the submission introduces immaterial and scandalous content, circumvents procedural rules governing amendment, and improperly supplements the pleadings. D.E. 109; Mem. in Supp. at 2–4, 7–9, D.E. 110. And they contend the affidavit attempts to expand the

3

Case 5:24-cv-00462-M-RN     Document 165     Filed 05/05/25     Page 3 of 8

pleadings through speculative claims and unsupported accusations, and that the court may not consider such material at the pleadings stage. *Id.* at 5–8.

Morris-Wilkins responds that the affidavit is consistent with Rule 15 and Rule 56(c)(4), was submitted in good faith, presents new evidence, and offers personal observations relevant to the record. Resp. in Opp. at 4–8, D.E. 117.

In reply, the Joyner Defendants argue that Morris-Wilkins's response should be disregarded altogether as an unauthorized surreply filed without leave of court. Reply Br. at 4–6, D.E. 129. Even if considered, they assert, the filing improperly attempts to introduce new allegations without an approved motion to amend, in violation of Rule 15 and Local Rule 15.1. *Id.* at 6–7. They also contend that the affidavit improperly seeks to reframe and relitigate claims dismissed in state court and Morris-Wilkins will suffer no prejudice. *Id.* at 3–8.

The court finds that while portions of the affidavit are conclusory and speculative, it does not rise to the level of misconduct warranting striking. Much of it recounts Morris-Wilkins's perspective on counsel's motives and her experiences in the probate dispute, all expressed in her unique voice. And the correspondence and attachments seen in Exhibit D are indeed voluminous and confusing at times, but the filing does not reflect abusive conduct. *Asr* v. *Giftos*, No. 3:21-CV-00670-FDW-DSC, 2022 WL 4456267, at *4 (W.D.N.C. Sept. 23, 2022) ("[T]his Court will strike any additional duplicative, harassing, abusive, or vexatious filings[.]"). The court will disregard inappropriate material when assessing the Rule 12(b)(6) motions. So the motion is denied.

**D. Joyner Defendants' motion to strike Morris-Wilkins's affidavit regarding Ray Joyner and an attached exhibit.**

The Joyner Defendants next seek to strike the "Affidavit of Shanelle Morris-Wilkins C. Ray Joyner, et al. With Exhibits" (D.E. 107), along with Exhibits B, C, D, F, and G (D.E. 107–2, 107–3, 107–4, 107–6, 107–7). They maintain that the materials are untimely, improper, and filled

with speculation, hearsay, and scandalous assertions. D.E. 112; Mem. in Supp at 2–8, D.E. 113. They contend the affidavit is not only an improper attempt to supplement the pleadings without leave of court, but also includes commentary and materials that are immaterial to any viable claim. *Id.* at 3–5. Morris-Wilkins did not respond.

The affidavit recounts Morris-Wilkins's interactions with Joyner's office during the administration of her husband's estate again from her unique perspective. But nothing in the affidavit is harassing or abusive. And while the exhibits, which include emails, a power of attorney, handwritten notes, state applications, and other correspondence, are informal and minimally relevant, they too do not rise to the level of abusive filings that warrant striking. Again the court will not consider immaterial or speculative assertions but declines to strike the documents. So the motion is denied.

### E. Joyner Defendants' motion to strike Morris-Wilkins's affidavit regarding Toyota Motor Credit Corporation

The Joyner Defendants move to strike Morris-Wilkins's affidavit titled "Affidavit Pertaining to Toyota Motor Credit Corp." (D.E. 115) and Exhibits C, D, and F (D.E. 115–4, 115–5, 115–7). They argue the affidavit and exhibits are untimely, prejudicial, scandalous, contain inadmissible hearsay and personal opinion, and attempt to relitigate claims dismissed in state court. Mem. in Supp. at 2–9, 12, D.E. 128. And that they should not be considered at this stage or in a federal court. *Id.* at 8–9. They also assert that the affidavit references statements made during the February 17, 2025, state court hearing—statements they argue cannot form the basis of a claim under the doctrine of absolute privilege. *Id.* at 12–14. Morris-Wilkins did not respond.

The court declines to strike. The affidavit discusses creditor disputes, probate administration issues, and alleged misconduct during the handling of Morris-Wilkins's late husband's estate. The attached exhibits include probate court documents, a handwritten note

5

Case 5:24-cv-00462-M-RN     Document 165     Filed 05/05/25     Page 5 of 8

purportedly from the decedent, and materials related to powers of attorney. Although much of the material is rhetorical, excessive, and includes allegations tangential to the underlying claims, it does not rise to a level that would warrant striking the filings. So while the court will disregard any irrelevant filings when deciding the pending motions to dismiss, it finds no basis to remove them from the docket. Thus the motion to strike is denied.

  F. **Morris-Wilkins's motion to strike the state court brief filed by Joyner Defendants as an attachment to its motion to dismiss**

Morris-Wilkins moves to strike a February 2025 state court brief that the Joyner Defendants attached as an exhibit in this case. D.E. 133; Mem. in Supp. *passim*, D.E. 134. She contends the brief was not served until the morning of the hearing, depriving her of a meaningful opportunity to respond, and that the state proceeding itself was marked by procedural irregularities—including last-minute judicial substitution, withheld filings, denied continuance motions, and alleged clerk bias. *Id.* at 4–8, 13–16. She further asserts that the brief includes factual misstatements, unsupported legal conclusions, and arguments tainted by what she characterizes as extrinsic and intrinsic fraud. *Id.* at 6–14. Finally, Morris-Wilkins argues the filing is immaterial and violates the principle of judicial estoppel, pointing to the state judge's express statement that the ruling would not affect this federal case. *Id.* at 15–16.

Defendants respond—and the docket confirms—that the brief was never filed here. Resp. in Opp. at 6, D.E. 146. A court cannot strike what is not in the record. But even if the document were before the court, Morris-Wilkins allegations pertain to its merit and fairness—not its propriety. So the motion to strike is denied.

  G. **Morris-Wilkins's motion to strike the affidavit of Alec Baldwin**

Morris-Wilkins next moves to strike the affidavit of Alec Baldwin (D.E. 56–2), a third-party courier, submitted by the Joyner Defendants in connection with a service-related dispute.

D.E. 136. She contends the affidavit is procedurally improper, factually misleading, and part of a broader pattern of obstruction and retaliation. Mem. in Supp. at 3–6, D.E. 137. She also takes issue over a photograph of a sticky note within the affidavit, which she calls an exhibit. *Id.* at 2. She claims it is wrongfully included to suggest she avoided service. *Id.*

In response, the Joyner Defendants argue that her motion is an untimely objection to the undersigned's January 21, 2025, Order denying her motion for sanctions as moot. Resp. in Opp. at 7, D.E. 146. They contend that under Local Rule 72.4(a), any objection was due in early February, and Morris-Wilkins's filing, made sixty days later, is untimely. *Id.* They further argue the motion improperly seeks to relitigate issues already resolved in her Motions for Sanctions and should be denied as both untimely and moot. *Id.*

The court declines to construe Morris-Wilkins's motion as an untimely objection to the January 21, 2025, Order. D.E. 74. A motion to strike challenges the propriety of a filing under Rule 12(f) or the court's inherent authority, while an objection under Rule 72(a) appeals a magistrate judge's ruling. Morris-Wilkins's motion addresses the content of a newly filed affidavit, not the prior sanctions ruling. Accordingly, it will be considered on its merits, not dismissed as an untimely objection.

Here, the affidavit is limited in scope, describing Baldwin's courier activities and attaching a photograph of a sticky note bearing Morris-Wilkins's address. It is not abusive or improper. And disputes over authentication or evidentiary significance within a service dispute are not grounds for striking. The court will not consider improper material when addressing the motions to dismiss. So the motion is denied.

7
Case 5:24-cv-00462-M-RN     Document 165     Filed 05/05/25     Page 7 of 8

**III. Conclusion**

For all these reasons, the court denies the motions to strike. D.E. 100, 109, 112, 127, 133, 136.

Dated: May 2, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge

8
Case 5:24-cv-00462-M-RN     Document 165     Filed 05/05/25     Page 8 of 8