SHANELLE MORRIS-WILKINS, )
)
        Plaintiff, )
)
v. )     ORDER
)
C. RAY JOYNER, et al., )
)
        Defendants. )

This cause comes before the court on the memorandum and recommendation of United States Magistrate Judge Robert T. Numbers [DE 173], plaintiff's motion for leave to amend her amended complaint [DE 183], and plaintiff's motion for relief from judgment [DE 184]. The time for filing an objection to the memorandum and recommendation (M&R) has elapsed and the matter is ripe for disposition.

**I. Memorandum and Recommendation [DE 173]**

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have

been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Magistrate Judge Numbers' Order & Memorandum & Recommendation denied two of plaintiff's motions to amend her amended complaint [DE 101, 149], and recommended, on the principle that state courts have exclusive jurisdiction over probate matters, that this Court find it lacks jurisdiction to administer the relief plaintiff seeks [DE 173]. Thereafter, plaintiff filed a seventy-five-page objection to the M&R [DE 176], which exceeded the page limit imposed by Local Rule 72.4(b)(2). This Court ordered plaintiff file an objection "no longer than the M&R itself," twenty-six pages, and rejected plaintiff's request that the seventy-five-page objection be accepted. [DE 196]. Plaintiff missed the September 2, 2025 deadline to file a compliant objection to the M&R, filing untimely on September 8, 2025. [DE 205].

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Even considering plaintiff's cogent arguments in her objection to the M&R [DE 176, 205], this Court would still adopt the M&R because several types of the relief Morris-Wilkins seeks fall within the probate exception to this Court's jurisdiction (i.e., she requests that this Court declare a holographic will's validity, probate the will, affirm her entitlement to spousal benefits, and order an accounting of the estate's transactions). The Court has reviewed the M&R for clear error and finds none. Accordingly, the Court adopts it in full.

## II. Plaintiff's Motion for Leave to Amend [DE 183]

The instant motion for leave to amend her amended complaint [DE 183] is plaintiff's sixth motion to file some form of an amended pleading. Plaintiff most recently moved to amend following Magistrate Judge Numbers' entry of his M&R, which recommended dismissal of plaintiff's claims. The timing of this motion resembles that of the plaintiff's motion for leave to amend in *Cash v. Lees-Mcrae Coll., Inc.*, 2019 U.S. Dist. LEXIS 9664, aff'd 2020 U.S. App. LEXIS 19378 (4th Cir. N.C., June 22, 2020), and that in *Rollinson v. Top Tier Solar Sols., LLC*, 2024 U.S. Dist. LEXIS 172739, *1. In those cases, the motion for leave to amend followed a magistrate's recommendation which was unfavorable to the plaintiff, and the courts denied plaintiff leave to amend because the attempt to amend the complaint was designed to circumvent the magistrate's dispositive recommendation and would further delay the proceedings.

Additionally, here, the prayers for relief in plaintiff's proposed amended complaint still request that this Court "perform [several] of the acts specifically enumerated in [*Marshall v. Marshall*, 547 U.S. 293, 308–12 (2006)]," which means that the probate exception applies, and this Court is without jurisdiction. *Lee Graham Shopping Center., LLC v. Estate of Kirsch*, 777 F.3d 678, 681 (4th Cir. 2015). The motion for leave to amend is denied.

## III. Plaintiff's Motion for Relief from Judgment [DE 184]

Plaintiff moved for relief from judgment and orders issued in state court based on Fed. R. Civ. P. 60. The *Rooker-Feldman* doctrine bars federal district courts from reviewing state-court decisions where "the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 718 (4th Cir. 2006). Moreover, "[a] motion for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered." *Bankers Mortg. Co.*

*v. United States*, 423 F.2d 73, 78 (5th Cir. 1970). Plaintiff asks for relief from judgment and orders entered in a different action. Because the relief sought is prohibited by the *Rooker-Feldman* doctrine and relief from state court judgments is outside the scope of Rule 60, the motion is denied.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Numbers' memorandum and recommendation [DE 173] is ADOPTED IN FULL. Accordingly, defendants' motions to dismiss for lack of jurisdiction [DE 82, 87] and their motions to dismiss for failure to state a claim [DE 102, 120] are GRANTED. All claims arising under federal law are DISMISSED WITH PREJUDICE. As these claims formed the basis for this Court's original jurisdiction, and as this Court declines to exercise supplemental jurisdiction over the state law claims, all state law claims are DISMISSED WITHOUT PREJUDICE. Plaintiff's motion for leave to amend [DE 183] is DENIED. Plaintiff's motion for relief from judgment [DE 184] is DENIED. Defendant's motion for extension of time to file a response [DE 194], and plaintiff's motion to stay the proceedings [DE 208] are DENIED AS MOOT.

SO ORDERED, this 30 day of September 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE