FILED

OCT 28 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ MM _____ DEP CLK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

### WESTERN DIVISION

Case No. 5:24-cv-00462-BO

SHANELLE MORRIS-WILKINS,

Plaintiff Pro Se,

v.

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT**

C. RAY JOYNER, et al.,

Defendants.

### 1. Introduction

Plaintiff moves under Fed. R. Civ. P. 59(e) to alter or amend the Judgment entered September 30 2025 (DE 216 & 218). This motion is filed within 28 days and is therefore timely. It seeks correction of clear errors of law and fact and to prevent manifest injustice. See Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

2. **Grounds for Relief (Summary)**

3. Failure to apply de novo review under Rule 72(b)(3) (Elijah v. Dunbar, 66 F.4th 454 (4th Cir. 2023)).

4. Magistrate's "Order and M&R" (DE 173) exceeded authority under 28 U.S.C. § 636(b)(1).

5. Violation of mailbox rule and ADA rights in finding Plaintiff's objection untimely (Houston v. Lack, 487 U.S. 266 (1988)).

6. Misapplication of Rooker–Feldman (Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280 (2005); Davani v. Va. DOT, 434 F.3d 712 (4th Cir. 2006)).

7. Probate-exception error (Marshall v. Marshall, 547 U.S. 293 (2006)).

8. Denial of ADA Title II accommodation and Rule 6(b)(1)(B) extension (Tennessee v. Lane, 541 U.S. 509 (2004); Pioneer Inv. Servs., 507 U.S. 380 (1993)).

9. New evidence (April–August 2025) showing no executor credentials issued despite Plaintiff's request, formal application, and statutory right as the lawful wife and surviving spouse (N.C. Gen. Stat. § 28A-4-1(a)(1); Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)).

10. Unequal procedural treatment and failure to resolve pending motions before judgment (Hill v. O'Brien, 387 F. App'x 396 (4th Cir. 2010)).

11. Constitutional violations of open courts (N.C. Const. art. I § 18) and due process (U.S. Const. amend. XIV).

12. Manifest injustice from denial of a fair forum for adjudication.

13. **Timeliness and ADA Accommodation**

2|6

The Magistrate's M&R was served by mail on July 7 2025 (DE 173). Orders (DE 182, 196) extended the objection deadline to September 2 2025. Plaintiff mailed the objection on September 3 2025 and it was filed September 8 2025 (DE 176). Under Rule 5(d)(2)(C) and Houston v. Lack, the filing is timely. Any delay was caused by documented health-related ADA accommodation requests and is excusable under Rule 6(b)(1)(B) and 42 U.S.C. § 12131 et seq.

### 14. Argument in Brief

Because a specific, timely objection was filed, the district court was required to conduct de novo review. By using "clear-error" review, the court committed manifest error of law. The record also shows that several motions (DE 183, 184, 208) remained pending when judgment issued, contrary to Rule 54(b). These errors appear on the face of the docket and require vacatur of the September 30 judgment.

### 15. Relief Requested

Plaintiff respectfully asks that the Court: (1) **Vacate the Order and Judgment** entered September 30 2025 (DE 216 & 218); (2) **Reopen the case for proper de novo review** of the timely objection and **consideration of ADA accommodations**; and (3) Grant such other relief as justice requires.

### 16. Argument Details (Supporting Authority)

A. **De Novo Standard and Governing Law**. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Elijah v. Dunbar; Anderson v. City of Bessemer City, 470 U.S. 564 (1985).

316

B. **Specific Errors Warranting Vacatur.** (1) **Misapplied probate exception** – Marshall v. Marshall. (2) Failure to apply pro se leniency – Haines v. Kerner. (3) **Misstatement of state-action law** – Dennis v. Sparks; Lugar v. Edmondson Oil Co. (4) **Denial of hearings on a valid PROBATED holographic will** – N.C. Gen. Stat. § 31-3.4. (5) **Disregard of sworn affidavits** – Rule 56(c)(4). (6) **Mailbox rule and ADA timeliness violations** – Rule 5(d)(2)(C). (7) **Magistrate exceeded authority** – § 636(c). (8) **Unequal extensions and denied accommodation** – Tennessee v. Lane. (9) **Discovery barred before Rule 26(f)**. (10) **Failure to disqualify conflicted clerks/attorneys/DOJ** – 28 U.S.C. § 455. (11) **Mischaracterization of PROBATED holographic will as worksheet.** (12) **Blended Order/M&R** created review confusion.

C. **Collective Prejudice and Manifest Injustice.** Foman v. Davis, 371 U.S. 178 (1962). Vacating the judgment restores Plaintiff's access to court rights.

D. **Supremacy Clause and Federal Preemption of State-Court Obstruction.** Under the Supremacy Clause (U.S. Const. art. VI cl. 2), federal law controls over state procedure. See Howlett v. Rose, 496 U.S. 356 (1990); Felder v. Casey, 487 U.S. 131 (1988). Defendants and state officials used probate exception and res judicata as state-court trickery to defeat federal claims—barred by the Supremacy Clause. Once Plaintiff filed under 42 U.S.C. § 1983, jurisdiction was federal (Testa v. Katt, 330 U.S. 386 (1947)). This Court erred in treating state record misuse as jurisdictional. See Cooper v. Aaron, 358 U.S. 1 (1958); Exxon Mobil; Marshall.

E. **Misuse of State Record and Manifest Error Under Rule 59(e).** The federal judgment adopted a state record tainted by misrepresentation and collusion between Nash County clerks and private attorneys. The Supremacy Clause forbids using state probate procedures to defeat

4/6

federal rights (Howlett v. Rose). State officials withheld the valid holographic will, refused hearings, and mischaracterized filings, creating a record that cannot support dismissal. Reliance on that record constitutes manifest error under Exxon Mobil and Davani.

**F. Obstruction of Counsel and Collusion Between Clerks and Private Attorneys.** Attorney Abby Adams (Kohut, Adams & Randall, P.A.) was retained to probate the will but ceased representation after Nash County clerks told her they "would not probate the will." She admitted she had "no credit with the clerks' office" and advised Plaintiff to let someone with "street credit with the probate judge" handle it. This collusion obstructed Plaintiff's right to counsel and access to court. See Dennis v. Sparks, 449 U.S. 24 (1980); Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982). The will was later probated (Sept. 5 2023 certificate), confirming validity; the Court's failure to take judicial notice is manifest error.

**G. Continuing Harm and Necessity of Relief.** The dismissal adopted a record marred by obstruction and denied Plaintiff's statutory entitlements. Rule 59(e) exists to correct such manifest injustice (Hutchinson).

**E. Requested Relief.**

1. Vacate the Order and Judgment entered September 30 2025 (DE 216 & 218).
2. Conduct de novo review under Rule 72(b)(3).
3. Take judicial notice of the September 5 2023 probated will.
4. Reconsider timely objections and ADA accommodations.
5. Grant any other relief this Court deems just.

5/6

Timeliness Verification and Filing Certification. Judgment entered Sept 30 2025; deadline Oct 28 2025. This motion mailed Oct 28 2025 and is deemed filed that day (Houston v. Lack). Any mail delay is excusable under Rule 6(b)(1)(B) and Tennessee v. Lane. Plaintiff certifies this statement is true and correct under penalty of perjury.

Respectfully submitted,

*Shanelle Morris-Wilkins*

Shanelle Morris-Wilkins

Pro Se Plaintiff | Beneficiary of the Estate of Danny Wilkins

P.O. Box 8414 Rocky Mount, NC 27804

Dated: October 28 2025

## Certificate of Service

I certify that on October 28 2025 I served a copy of this Rule 59(e) Motion by CM/CEF SMW to all counsel of record and filed the original with the Clerk of Court, Eastern District of North Carolina.

*Shanelle Morris-Wilkins*

Shanelle Morris-Wilkins

Pro Se Plaintiff | Beneficiary of the Estate of Danny Wilkins

P.O. Box 8414 Rocky Mount, NC 27804

Dated: October 28 2025

6/6