IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-462-BO-BM

| | | |
|---|---|---|
| SHANELLE MORRIS-WILKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| C. RAY JOYNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [DE 219]. The Court also considers plaintiff's motion for preliminary injunction. [DE 229]. Responses have been filed, and the time for responding has expired. In this posture, the motion is ripe for disposition. For the reasons that follow, the motions are denied.

## BACKGROUND

On September 30, 2025, the Court adopted the Memorandum & Recommendation [DE 173] of United States Magistrate Judge Numbers in full, dismissing plaintiff's federal claims with prejudice and her state law claims without prejudice. [DE 216]. Judgment was entered the same day. [DE 218]. On October 28, 2025, plaintiff filed her motion to alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [DE 219].

## DISCUSSION

A party may move a court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). Reconsideration of a judgment is an extraordinary remedy, *Pac. Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), and the decision to alter or amend

Case 5:24-cv-00462-BO-RN    Document 235    Filed 05/01/26    Page 1 of 4

a judgment is committed to the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not previously available; or (3) that the court has committed a clear error of law or manifest injustice. *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

A party may not use a Rule 59(e) motion to raise arguments which could have been raised prior to entry of judgment or argue a novel legal theory that was previously available. *Pac. Ins. Co.*, 148 F.3d at 403 (internal quotation and citation omitted). Disagreement with the judgment is also not grounds for relief under Rule 59(e). *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Additionally, a "motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink what the Court ha[s] already thought through–rightly or wrongly.'" *United States v. Overcash*, 3:15-cr-263-FDW-1, 2019 U.S. Dist. LEXIS 87566, at *2 (W.D.N.C. May 24, 2019) (quoting *United States v. Dickerson*, 971 F. Supp. 1023, 104 (E.D. Va. 1997)).

Plaintiff argues that the Court has committed errors of law. Her primary argument concerns the timeliness of her objection to the M&R. She contends that because "a specific, timely objection was filed, the district court was required to conduct de novo review." [DE 219, p. 3]. True, "when reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023).

Plaintiff's objection, however, was untimely. Plaintiff filed a seventy-five-page objection [DE 176] to the M&R which exceeded the page limit imposed by Local Rule 72.4(b)(2). The Court then directed plaintiff to file an objection "no longer than the M&R itself," twenty-six pages, giving

2

her an extended deadline. [DE 196]. The Court expressly reserved "the right to summarily deny or refuse to consider any document not filed in compliance with [this] order[] or the Local Rules." *Id.* (quoting *McKiver v. Murphy-Brown* LLC, No. 7:14-CV-180, 2018 WL 6606061, at *5 (E.D.N.C. Dec. 17, 2018)). Plaintiff missed the September 2, 2025 deadline to file a compliant objection to the M&R, filing untimely on September 8, 2025. [DE 205]. Where no timely objection has been filed, the Court reviews for clear error only. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff's other summary objections, including that the Court misapplied the probate exception to federal jurisdiction, do not reveal clear error. In sum, the Court has considered plaintiff's Rule 59(e) motion in full and determines that she has failed to demonstrate that the Court committed any clear error of law or any other ground for altering or amending the judgment is present. Her Rule 59(e) motion is properly denied.

The Court next addresses "Plaintiff's Emergency Motion for Preliminary Injunction/Stay of State Court Rule 60(b)(4) Motion" [DE 229]. Plaintiff asks the Court to enjoin the State of North Carolina Superior Court, Nash County, from "taking any action on Plaintiff's Rule 60(b)(4) motion (File No. 24-CVS-1499), pending resolution of the above-captioned federal litigation." *Id.* at 1–2.

The Anti-Injunction Act provides that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. State proceedings should therefore "normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 287 (1970). Even if the Court finds an exception applies, it "*may* issue

3

an injunction, but it is not *required* to do so." *Kay Co., LLC v. Equitable Prod. Co.*, 27 F.4th 252, 262 (4th Cir. 2022) (emphasis in original).

Plaintiff contends an exception to this general rule applies "because the state proceedings threaten to impair this Court's jurisdiction over Plaintiff's pending federal claims." [DE 229, p. 4]. Plaintiff does not acknowledge that, after the Court's order of September 30, 2025, there are no pending federal claims in this case. [DE 216]. The Nash County litigation does not interfere with this Court's ability to decide this case because the Court already decided it. *See Kay Co. v. Equitable Prod. Co.*, 535 F. Supp. 3d 537, 541 (S.D.W. Va. 2021), *aff'd sub nom. Kay Co., LLC v. Equitable Prod. Co.*, 27 F.4th 252. The "in aid of its jurisdiction" exception does not apply and the motion for preliminary injunction is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion pursuant to Fed. R. Civ. P. 59(e) [DE 219] is DENIED. Plaintiff's motion for a preliminary injunction [DE 229] is DENIED. Plaintiff's motion for leave to file a video exhibit [DE 233] is DENIED as MOOT.

SO ORDERED, this __/__ day of May 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4